ERIC W. SWANIS, ESQ.
Nevada Bar No. 6840
**GREENBERG TRAURIG, LLP**
10845 Griffith Peak Drive, Suite 600
Las Vegas, Nevada 89135
Telephone: (702) 792-3773
Facsimile:  (702) 792-9002
Email: swanise@gtlaw.com

CHRISTOPHER J. NEUMANN, ESQ.
*Admitted Pro Hac Vice*
**GREENBERG TRAURIG, LLP**
1144 15th Street, Suite 3300
Denver, Colorado 80202
Telephone: (303) 572-6500
Email:  neumannc@gtlaw.com

*Counsel for Defendants*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| DANIELLE E. WOMACK,<br><br>Plaintiff,<br><br>v.<br><br>C. R. BARD, INCORPORATED and BARD PERIPHERAL VASCULAR, INCORPORATED,<br><br>Defendants. | Case No. 2:19-cv-01881-JCM-BNW<br><br>**STIPULATION AND ORDER TO STAY DISCOVERY AND ALL PRETRIAL DEADLINES**<br>**(SECOND REQUEST)** |

Plaintiff Danielle E. Womack ("Plaintiff") and Defendants C. R. Bard, Inc. and Bard Peripheral Vascular, Inc. ("Defendants" and collectively with Plaintiff, the "Parties"), pursuant to Fed. R. Civ. P. 26(c) and (d) and LR IA 6-1, respectfully request that this Court temporarily stay discovery and all pretrial deadlines, as set forth in the revised Discovery Plan (Dkt. 38), until **February 26, 2021** while the Parties finalize settlement documents. In support thereof, the Parties state as follows:

1.  This case was part of the Multi-District Litigation proceeding *In re: Bard IVC Filters Product Liability Litigation*, pending before Senior Judge David Campbell of the District of Arizona.

1

2. Plaintiff alleges experiencing complications following the implantation of a Bard Inferior Vena Cava ("IVC") filter, a prescription medical device. She has asserted three strict products liability counts (manufacturing defect, information defect (failure to warn) and design defect), six negligence counts (design, manufacture, failure to recall/retrofit, failure to warn, negligent misrepresentation and negligence per se), two breach of warranty counts (express and implied), two counts sounding in fraud (fraudulent misrepresentation and fraudulent concealment), an unfair and deceptive trade practices count, and a claim for punitive damages.

3. Defendants deny the allegations contained in the Complaint.

4. After four years, the completion of general issue discovery, and the conduct of three bellwether trials, Judge Campbell ordered that cases, which were not settled or were not close to settling, be transferred or remanded to the appropriate jurisdictions around the country for case-specific discovery and trial. As a part of that process, he established a "track" system, wherein certain cases were placed on tracks either to finalize settlement paperwork, continue settlement negotiations, or be remanded or transferred.

5. This case was transferred to this Court on March 30, 2020 because at the time it was not close to settling. But, since that date, the Parties have engaged in further settlement discussions and have recently reached a settlement in principle.

6. Accordingly, the Parties request that this Court issue an order staying discovery and pretrial deadlines until **February 26, 2021** to allow the Parties time to finalize the settlement. This will prevent unnecessary expenditures of the Parties and judicial resources as well as place this case on a similar "track" as the MDL cases Judge Campbell determined should continue settlement dialogue.

7. A district court has broad discretion over pretrial discovery rulings. *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998); *accord Republic of Ecuador v. Hinchee,* 741 F.3d 1185, 1188-89 (11th Cir. 2013); *Thermal Design, Inc. v. Am. Soc'y of Heating, Refrigerating & Air-Conditioning Eng'rs, Inc.,* 755 F.3d 832, 837 (7th Cir. 2014); *see also Cook*

GREENBERG TRAURIG, LLP
10845 Griffith Peak Drive
Suite 600
Las Vegas, Nevada 89135
Telephone: (702) 792-3773
Facsimile: (702) 792-9002

1  *v. Kartridg Pak Co.,* 840 F.2d 602, 604 (8th Cir. 1988) ("A district court must be free to use
2  and control pretrial procedure in furtherance of the orderly administration of justice.").

3        8.     Under Federal Rules of Civil Procedure 26(c) and 26(d), a court may limit the
4  scope of discovery or control its sequence. *Britton*, 523 U.S. at 598.  Although settlement
5  negotiations do not automatically excuse a party from its discovery obligations, the parties
6  can seek a stay prior to the cutoff date. *Sofo v. Pan-Am. Life Ins. Co.,* 13 F.3d 239, 242
7  (7th Cir. 1994); *see also Wichita Falls Office Assocs. v. Banc One Corp.,* 978 F.2d 915, 918
8  (5th Cir. 1993) (finding that a "trial judge's decision to curtail discovery is granted great
9  deference," and noting that the discovery had been pushed back a number of times because of
10 pending settlement negotiations).

11       9.     Facilitating the efforts of parties to resolve their disputes weighs in favor of
12 granting a stay.  In *Coker v. Dowd*, 2:13-cv-0994-JCM-NJK, 2013 U.S. Dist. LEXIS 201845,
13 at *2-3 (D. Nev. July 8, 2013), the parties requested a 60-day stay to facilitate ongoing
14 settlement negotiations and permit them to mediate global settlement.  The Court granted the
15 stay, finding the parties would be prejudiced if required to move forward with discovery at
16 that time and a stay would potentially prevent an unnecessary complication in the case. *Id*. at
17 *3.  Here, the Parties have reached a settlement in principle.

18       10.    The Parties agree that the relief sought herein is necessary to handle the case in
19 the most economical fashion yet allow sufficient time to schedule and complete discovery if
20 necessary, consistent with the scheduling obligations of counsel.  The relief sought in this
21 Motion is not being requested for delay, but so that justice may be done.

22 / / /
23 / / /
24 / / /
25 / / /
26 / / /
27 / / /
28 / / /

3

**WHEREFORE**, Plaintiff and Defendants respectfully request the Court's approval of this stipulation to stay discovery and all pretrial deadlines until **February 26, 2021** to allow the Parties to conduct ongoing settlement negotiations.

**IT IS SO STIPULATED.**

Respectfully submitted on November 20, 2020.

| DALIMONTE RUEB STOLLER, LLP | GREENBERG TRAURIG, LLP |
|---|---|
| By: */s/ Gregory D. Rueb*<br>GREGORY D. RUEB, ESQ.<br>*Admitted Pro Hac Vice*<br>515 S. Figueroa Street, Suite 1550<br>Los Angeles, California 90071<br>greg@drlawllp.com | By: */s/ Eric W. Swanis*<br>ERIC W. SWANIS, ESQ.<br>Nevada Bar No. 6840<br>10845 Griffith Peak Drive<br>Suite 600<br>Las Vegas, Nevada 89135 |
| BRIAN D. NETTLES, ESQ.<br>NETTLES MORRIS<br>1389 Galleria Drive, Suite 200<br>Henderson, Nevada 89014<br>brian@nettlesmorris.com | CHRISTOPHER NEUMANN, ESQ.<br>*Admitted Pro Hac Vice*<br>1144 15th Street, Suite 3300<br>Denver, Colorado 80202<br>Email: neumannc@gtlaw.com |

The parties' stipulation is GRANTED. However, given the length of the discovery stay IT IS ORDERED that on January 11, 2021, defendants must file a status report informing the Court whether negotiations are still ongoing and whether the discovery stay continues to facilitate settlement. The discovery stay will continue unabated until further court action.

**IT IS SO ORDERED**

**DATED:** 12:40 pm, November 24, 2020

**BRENDA WEKSLER**
**UNITED STATES MAGISTRATE JUDGE**